1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

ROGELIO ELOPRE,                                    ) Case No. CV 15-09014-DMG (KES)
                                                   )
                          Petitioner,              )
                                                   ) ORDER TO SHOW CAUSE
              vs.                                  )
                                                   )
SUPERIOR COURT OF                                  )
CALIFORNIA, COUNTY OF                              )
NORWALK[1],                                        )
                          Respondent.              )

On or about November 16, 2015, Petitioner constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody in the United States District

---

[1]    The Petition improperly names the Superior Court of California, County of Norwalk as the Respondent.  The Superior Court of California, County of Norwalk is not a proper party in this proceeding. The only appropriate Respondent is Petitioner's immediate custodian at his current place of confinement. Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004); Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and the Advisory Committee Notes thereto.

1

Court for the Eastern District of California.[2]

On November 18, 2015, an Order Transferring Case to the United States District Court for the Central District of California was issued by Magistrate Judge Jennifer L. Thurston. (DE # 2.)

The Petition is directed to a conviction sustained by Petitioner on July 6, 2011, in the Los Angeles County Superior Court for two counts of lewd conduct on a child under the age of 14 in violation of California Penal Code ("PC") §§ 288 and 290. Petitioner was sentenced to state prison for a term of 14 years. (DE #1 at 1.) Petitioner has alleged the following grounds for relief: (1) Violation of Petitioner's Miranda[3] rights; (2) Ineffective assistance of counsel; (3) Judicial abuse; and (4) Sentencing errors. (Id. at 4-5.) [4]

      1.    It appears from the face of the Petition that this action is time-barred.

This action is subject to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). Calderon v. United States District Court for the Central District of California (Beeler), 128 F.3d 1283, 1287 n.3 (9th Cir. 1997), cert. denied, 522 U.S.

---

[2] The Court takes notice that Petitioner signed and verified his Federal Petition on October 29, 2015. "Under the mailbox rule, a prisoner's pro se habeas petition is 'deemed filed when he hands it over to prison authorities for mailing to the relevant court.'" Campbell v. Henry, 614 F.3d 1056, 1058-59 (9th Cir. 2010) (citations omitted); see also Houston v. Lack, 487 U.S. 266 (1988). A court generally deems a habeas petition filed on the day it is signed, Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010), because it assumes the petitioner turned the petition over to prison authorities for mailing that day. Butler v. Long, 752 F.3d 1177, 1178 n.1 (9th Cir. 2014)(per curiam) (as amended).

[3] Miranda v. Arizona, 384 U.S. 436 (1966).

[4] All page citations are to the electronic CM/ECF pagination.

1099 (1998).[5]  The AEDPA provides a one-year limitation period as follows:

> (1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --
>
> (A)    the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).

Here, pursuant to Porter v. Ollison, 620 F.3d 952, 954-55 (9th Cir. 2010) (noting that it is proper to take judicial notice of "any state court dockets or pleadings that have been located (including on the Internet)"), the Court takes judicial notice from the California Appellate Courts' website that Petitioner's Petition for Review was denied by the California Supreme Court on October 10, 2012.  Thus, for purposes of 28 U.S.C. § 2244(d)(1)(A),  Petitioner's judgment of conviction "became final by conclusion of direct review or the expiration of the time for seeking such review" on January 8, 2013, when the 90-day period for Petitioner to petition the United States Supreme Court for a writ of certiorari expired. Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999); Beeler, 128 F.3d at 1286 n.2. Accordingly, the statute of limitations commenced to run on January 8, 2013, unless subsections B, C or D of 28

---

[5]  Beeler was overruled on other grounds in Calderon v. United States District Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc), cert. denied, 526 U.S. 1060 (1999).

1   U.S.C.§2244(d)(1) apply.

2       Petitioner makes no contention that he was impeded from filing his federal

3   petition by unconstitutional state action and is thereby entitled to a later trigger date

4   under § 2244(d)(1)(B). Shannon v. Newland, 410 F.3d 1083, 1087-88 (9th Cir. 2005)

5   (rejecting proposition that state's determination of state law can constitute

6   "impediment" under 28 U.S.C. §2244(d)(1)(B) as provision applies to impediments

7   to filing a petition, not law which impacts whether a claim is meritorious), cert.

8   denied, 546 U.S. 1171 (2006).

9       Petitioner also makes no contention that he is entitled to a later start date under

10   § 2244(d)(1)(C) with respect to his claims. Petitioner does not rely upon any

11   constitutional right "newly recognized by the Supreme Court and made retroactively

12   applicable to cases on collateral review."

13       Finally, Petitioner has no basis for contending that he is entitled to a delayed

14   start date under § 2244(d)(1)(D) based on delayed discovery.  Under that subsection,

15   the statute of limitations begins to run when the "factual predicate" of Petitioner's

16   claims "could have been discovered through the exercise of due diligence."  The term

17   'factual predicate' refers to the facts underlying the claim, not the legal significance

18   of those facts.   Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001)("This is not

19   to say that [Petitioner] needed to understand the legal significance of those facts -

20   rather than simply the facts themselves - before the due diligence (and hence the

21   limitations) clock started ticking"). Because the claims raised in the Petition concern

22   alleged constitutional violations that occurred before and during trial and sentencing,

23   Petitioner knew or should have known the important facts on which he bases his

24   claims at the time he was sentenced in 2011 and upon the expiration of his direct

25   appeal in 2012. At most, "[P]etitioner's allegations merely establish that he was

26   unaware of the legal significance of the facts underlying his sentencing error and

27   ineffective assistance of counsel claims ... not that [P]etitioner was unaware of the

28   factual predicate of those claims." Perry v. Uribe, 2011 WL 6257139 *6 (C.D. Cal.

Nov. 10, 2011), adopted , 2011 WL 6288107 (C. D. Cal. Dec.15, 2011). The fact that Petitioner did not appreciate the legal significance of these facts does not constitute a "factual predicate" under 28 U.S.C. § 2244(d)(1)(D).  Accordingly, unless a basis for tolling the statute existed, Petitioner's last day to file his federal habeas petition was January 8, 2014. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001); Beeler, 128 F.3d at 1287-88. Petitioner constructively filed his Petition on October 29, 2015; thus, the Petition was filed approximately one year and ten months after the statute of limitations expired and is facially untimely, absent  statutory or equitable tolling.

The burden of demonstrating that the AEDPA's one-year limitation period was sufficiently tolled, whether statutorily or equitably, rests with the petitioner. See, e.g., Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Banjo v. Ayers, 614 F.3d 964, 967 (9th Cir. 2010); Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005) (as amended); Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).  For the reasons discussed below, it appears to the Court  that Petitioner has not met his burden with respect to demonstrating any entitlement to statutory or equitable tolling.

The AEDPA provides for statutory tolling, as follows:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).  The United States Supreme Court has interpreted this language to mean that the AEDPA's statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects a petitioner's final collateral challenge, so long as the petitioner has not unreasonably delayed during the gaps between sequential filings. Carey v. Saffold, 536 U.S. 214, 219-21 (2002) (holding that, for purposes of statutory tolling, a California petitioner's application for collateral review remains "pending" during the intervals between the time a lower state court denies the application and the time the petitioner files a further

5

petition in a higher state court).

Here, it appears from the face of the Petition that Petitioner did not file any collateral challenges. Thus, it does not appear to the Court that Petitioner is entitled to any statutory tolling of the limitation period.

In Holland v. Florida, 560 U.S. 631, 649 (2010), the Supreme Court held that the AEDPA's one-year limitation period also is subject to equitable tolling in appropriate cases. However, in order to be entitled to equitable tolling, the petitioner must show both that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented his timely filing. Holland, 130 S. Ct. at 2562 (quoting Pace, 544 U.S. at 418). The Ninth Circuit has held that the Pace standard is consistent with the Ninth Circuit's "sparing application of the doctrine of equitable tolling." Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir.), cert. denied, 130 S. Ct. 244 (2009). Thus, "[t]he petitioner must show that 'the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time.'" Porter, 620 F.3d at 959 (quoting Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009)). "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Miranda , 292 F.3d at 1066. Consequently, as the Ninth Circuit has recognized, equitable tolling will be justified in few cases. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003); Waldron-Ramsey, 556 F.3d at 1011 ("To apply the doctrine in 'extraordinary circumstances' necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances 'stood in his way' suggests that an external force must cause the untimeliness, rather than, as we have said, merely 'oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.'").

Here, it does not appear from the face of the Petition that Petitioner has any basis for equitable tolling of the limitation period. The Court notes in this regard that neither the lack of legal sophistication, nor the lack of legal training, nor the lack of

6

legal assistance, nor ignorance of the law, constitutes an "extraordinary circumstance" entitling Petitioner to any equitable tolling of the limitation period. See, e.g., Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling" of the AEDPA limitations period); Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999) (ignorance of the limitation period did not warrant equitable tolling).

Thus, the Petition constructively filed on or about October 29, 2015, is untimely by approximately one year and ten months.

The Ninth Circuit has held that the district court has the authority to raise the statute of limitations issue *sua sponte* when untimeliness is obvious on the face of the petition and to summarily dismiss a petition on that ground pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, so long as the court "provides the petitioner with adequate notice and an opportunity to respond." See Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004); Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

IT THEREFORE IS ORDERED that, on or before **December 30, 2015**, Petitioner show cause in writing, if any he has, why the Court should not recommend that this action be dismissed with prejudice on the ground of untimeliness.

DATED: December 1, 2015

_____
KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE

7